# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

RODNEY WAYNE JONES,
CDCR #D-55894,

                         Plaintiff,

        vs.

STUART J. RYAN, et al.,

                    Defendants.

Civil No.    07-1019 BTM (JMA)

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM COURT'S JUNE 26, 2009 ORDER PURSUANT TO FED.R.CIV.P. 60(b)**

**[Doc. No. 111]**

## I.   PROCEDURAL HISTORY

Plaintiff, an inmate currently incarcerated at California State Prison located in Corcoran, California, and proceeding pro se, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 [Doc. No. 59].   Defendants Ryan, Ochoa, Jimenez, Zills, Schommer, Ortiz, Rodiles, Mejia, Sandoval, Wells, Castaneda, Cosio, Flores, Ritter, Bell, Anadalon, Harmon, Duarte, Stratton, Price, Martinez, Valenzuela and Rangel filed Motions to Dismiss Plaintiff's First Amended Complaint pursuant to FED.R.CIV. P. 12(b)(6) [Doc. Nos. 63, 95].   In addition, Defendant Pegues filed a Notice of Joinder and Joinder to Defendants' Motions to Dismiss Plaintiff's First Amended Complaint [Doc. No. 64].

On June 26, 2009, this Court granted in part and denied in part Defendants' Motions to Dismiss Plaintiff's First Amended Complaint. *See* June 26, 2009 Order at 18-19. Plaintiff has now filed a "Motion for Relief from the Court's June 26, 2009 Order" in which he challenges the Court's ruling as to his Fourteenth Amendment due process claims against Defendants Andalon, Mejia, Sandoval, Castaneda, Cosio, Bell, Ochoa, Price and Stratton. *See* Pl.'s Mot. at 1-9. [Doc. No. 111]. Defendants filed an Opposition on November 12, 2009. [Doc. No. 113.]

## II.    PLAINTIFF'S MOTION FOR RELIEF FROM THE COURT'S JUNE 26, 2009 ORDER

Under Rule 60(b), a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

Here, Plaintiff seeks to address the Court's June 26, 2009 Order dismissing his Fourteenth Amendment due process claims. In Plaintiff's First Amended Complaint, he alleged that his Fourteenth Amendment due process rights were violated by the alleged false reports and perjured testimony by Defendants that led to criminal charges being brought against him in Imperial County. The Court found in the June 26, 2009 Order that these claims were not yet cognizable pursuant to the favorable termination doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See* June 26, 2009 Order at 10. ("These Fourteenth Amendment due process claims amount to an attack on the constitutional validity of his ongoing state criminal proceedings, and  therefore, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated.")  Plaintiff had also claimed in his First Amended Complaint that he had never been subject to a disciplinary hearing based on these false reports. *See* FAC ¶ 100.

/ / /

/ / /

/ / /

1    In his Motion seeking relief from the Court's Order, Plaintiff claims that his Fourteenth
2    Amendment due process claims are now cognizable because all the criminal charges against him
3    have been dismissed.  *See* Pl.'s Mot. at 5.   However, Plaintiff does now claim that due to
4    Defendants' "issuance of false reports and perjured testimony" he was "subsequently unjustly
5    found guilty of battery on staff during a 'wanton and prejudicial' disciplinary hearing." *Id.* at
6    6.  As a result, Plaintiff lost good time credits and was sentenced to the "SHU"[1] for nearly four
7    years. *Id.*

8    However, these claims are also barred by the favorable termination doctrine set forth in
9    *Heck*.   Constitutional claims involving a prison's disciplinary decisions to revoke good-time
10   credits are subject to dismissal since habeas corpus is the exclusive federal remedy whenever
11   the claim for damages depends on a determination that a disciplinary judgment is invalid or the
12   sentence currently being served is unconstitutionally long.  *Edwards v. Balisok*, 520 U.S. 641,
13   646 (1997); *Heck*, 512 U.S. at 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

14   Here, Plaintiff cannot bring these Fourteenth Amendment due process claims which relate
15   to  the constitutionality or duration of his continued confinement in that he now admits that he
16   lost good-time credit as the result of a disciplinary conviction.  *See* Pl.'s Mot. at 6. Plaintiff was
17   informed in the Court's previous Orders that in order to state a claim for damages under section
18   1983 on this claim under *Heck* and *Edwards*, Plaintiff must first show that the disciplinary
19   conviction or sentence has already been "reversed on direct appeal, expunged by executive
20   order, declared invalid by a state tribunal authorized to make such a determination, or called into
21   question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.   He has failed to do so, and
22   thus, there is no basis by which the Court could permit Plaintiff to proceed on these Fourteenth
23   Amendment due process claims.

24   / / /

25   / / /

26   / / /

27   / / /

28

---

[1] "SHU" is an acronym for the segregated housing unit.

-3-

**III.   CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from the Court's June 26, 2009 Order  [Doc. No. 111] pursuant to FED.R.CIV.P. 60(b) is **DENIED**.

DATED:  December 15, 2009

Honorable Barry Ted Moskowitz
United States District Judge