UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WAYNE JONES, CDCR #D-55894,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STUART J. RYAN, et al.,<br><br>　　　　　Defendants. | Case No. 07-CV-1019-JMA<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO COMPEL [Doc. 137]** |

On May 7, 2010, the defendants represented by the Office of the Attorney General (S. Ryan, L. Valenzuela, T. Ochoa, J. Ortiz, S. Ritter, J. Flores, M. Jimenez, K. Schommer, O. Martinez, A. Rangel, D. Bell, N. Mejia, C. Rodiles, M. Sandoval, J. Wells, P. Zills, O. Andalon, G. Stratton, T. Price, S. Cosio, and F. Castaneda) (hereafter "Defendants") filed a motion to compel Plaintiff to provide further responses to interrogatories and requests for production of documents. Doc. 137. Plaintiff's opposition to the motion was due by May 26, 2010. See Apr. 22, 2010 Order, ¶ 1; Defs.' Notice of Motion at 1, 2. Plaintiff did not file an opposition.

The Court has considered Defendants' motion, including the discovery requests and responses attached as exhibits thereto. Defendants' motion to compel is **GRANTED** pursuant to Fed. R. Civ. 37(a) as follows:

//

**A.      Interrogatories Propounded by Defendant Schommer**

<u>Nos. 1 and 3</u>:  Plaintiff shall provide supplemental responses which specify the names of the "CAL staff and inmate eyewitnesses" and the names of the inmates who provided the declarations referred to in his initial responses to these interrogatories.  Plaintiff shall also specifically identify the medical records referred to in his responses to these interrogatories.

<u>No. 5</u>:  Plaintiff shall provide a supplemental response which specifies the names of the "CAL medical staff eyewitnesses" and which specifically identify the medical records referred to in his initial response to this interrogatory.

<u>Nos. 13, 14, 15, 16, 17, and 18</u>:  Plaintiff shall provide supplemental responses which specify the name, address, telephone number, and inmate number, if appropriate, of any persons who have knowledge of Plaintiff's contentions or who have provided a statement, as further described in these interrogatories.  Because Plaintiff did not move for a protective order before the discovery motion filing cutoff of May 7, 2010 (<u>see</u> Apr. 22, 2010 Order, ¶ 1) and has not otherwise demonstrated that a protective order is necessary, this information shall be provided notwithstanding the lack of a protective order in this case.

<u>Nos. 19, 20, 21, 22</u>:  Plaintiff shall provide responses to these interrogatories. They do not call for expert opinion.

**B.      Interrogatories Propounded by Defendant Ryan**

<u>Nos. 4 and 5</u>:  Plaintiff shall provide supplemental responses which specifically provide the information sought in these interrogatories.  If Plaintiff prefers to produce his medical records in lieu of providing written responses, as indicated in his initial responses to these interrogatories, he may do so.

**C.      Requests for Production of Documents Set Forth in Notice of Deposition**

<u>Nos. 8 and 14</u>:  Plaintiff shall produce all documents responsive to these requests, including but not limited to the "two declarations from two inmates" referred to by Plaintiff in his deposition.  <u>See</u> Jones Dep. at p. 69, attached as Ex. 2 to Snyder

1  Decl. in Supp. of Mot. to Compel.  As set forth above, because Plaintiff did not move for
2  a protective order before the discovery motion filing cutoff of May 7, 2010 (see Apr. 22,
3  2010 Order, ¶ 1) and has not otherwise demonstrated that a protective order is
4  necessary, these documents shall be provided notwithstanding the lack of a protective
5  order in this case.

6  **D.**     **Conclusion**

7       Defendants' motion to compel Plaintiff to provide further responses to
8  interrogatories and requests for production of documents is **GRANTED**.  All further
9  responses and production of documents required by this Order shall be served by no
10  later than **June 30, 2010**.  Plaintiff is warned that the failure to obey an order to provide
11  discovery may result in the sanctions provided for in Fed. R. Civ. P. 37, including a
12  prohibition on the introduction of matters in evidence (see Fed. R. Civ. P. 37(b)(2)), and
13  that the failure to provide information or identify a witness as required by Fed. R. Civ. P.
14  26(a) or (e) necessitates that the party not be "allowed to use that information or witness
15  to supply information or witness to supply evidence on a motion, at a hearing, or at a
16  trial" (see Fed. R. Civ. P. 37(c)(1)).

17       The Court reiterates that the deadline for the filing of dispositive motions is **June
18  7, 2010**.  The hearing on Defendants' Motion for Summary Judgment [Doc. 130] is
19  scheduled for **August 20, 2010**.  Accordingly, Plaintiff's Opposition (including any
20  supporting documents) must be filed with the Court and served on all parties by **August
21  6, 2010**.  If Plaintiff does not wish to oppose Defendants' Motion, Plaintiff should file and
22  serve a "Notice of Non-Opposition" by that same date to let both the Court and
23  Defendants know that the Motion is unopposed.  If Plaintiff does file and serve an
24  Opposition, Defendants must file and serve their Reply to that Opposition by **August
25  13, 2010**.  At the time appointed for hearing, the Court will, in its discretion, consider
26  Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 as submitted
27  on the papers, and will issue its written opinion thereafter.  See S.D. Cal. Civ. L.R.
28  7.1(d)(1).  Thus, unless otherwise ordered, no appearances are required and no oral

1  argument will be heard.

2      Finally, it has come to the Court's attention that the deadline for expert
3  disclosures pursuant to Fed. R. Civ. P. 26(a)(2), which was originally scheduled for
4  January 15, 2010 (see Doc. 109), was vacated by the Court's January 6, 2010 Order
5  and was not subsequently rescheduled.  The Court will reset dates for expert
6  disclosures and for the disclosure of any contradictory or rebuttal information after a
7  ruling has been issued on Defendants' Motion for Summary Judgment, as appropriate.

8      **IT IS SO ORDERED.**

9  DATED:  June 3, 2010

10
11                                    Jan M. Adler
                                  U.S. Magistrate Judge