UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WAYNE JONES,<br>CDCR #D-55894,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STUART J. RYAN, et al.,<br><br>　　　　　　Defendants. | Case No. 07-CV-1019-JMA<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**[Doc. 178]** |

On April 8, 2011, Plaintiff Rodney Wayne Jones filed a motion for appointment of counsel. [Doc. 178.] The Court previously denied Plaintiff's requests for counsel on December 15, 2009 and February 23, 2010. [Docs. 120, 128.] Plaintiff presently claims that he requires counsel because his case has survived all previous motions filed by Defendants to dismiss the case, and due to the legal and factual complexity of preparing his case for trial. Pl.'s Motion at 2-3.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). "Title 28 U.S.C. § 1915(e)(1) permits the district court, in its discretion, to 'request an attorney to represent any person unable to afford counsel.'" Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(1)). Such discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015,

1017 (9th Cir. 1991); <u>Burns v. County of King</u>, 883 F.2d 819, 824 (9th Cir. 1989). "To show exceptional circumstances, the litigant must demonstrate the likelihood of success and the complexity of legal issues involved." <u>Id.</u> (citation omitted). Neither of these factors is dispositive, and both must be considered. <u>Terrell</u>, 935 F.2d at 1017.

      Having considered both factors, the Court does not find that exceptional circumstances are present that would warrant the appointment of counsel in this case. As the Court previously found, Plaintiff has a sufficient grasp of his case, including the legal issues involved, and has been able to adequately articulate the factual basis of his claims. <u>See</u> Dec. 15, 2009 Order [Doc. 120]. Further, the Court's order granting in part and denying in part Defendants' motion for partial summary judgment does not equate to a showing by Plaintiff that he has a likelihood of succeeding on the merits of his remaining claims. The Court therefore **DENIES** without prejudice Plaintiff's motion for appointment of counsel.

      While the presence of exceptional circumstances warranting the appointment of counsel does not exist in this case, the Court has attempted to locate volunteer counsel to represent Plaintiff for purposes of settlement and/or trial through referrals to the San Diego Volunteer Lawyer Program and to the Lawyer Representatives of the Southern District of California. Although the Court has been unable to find volunteer counsel for Plaintiff to date, it continues its efforts to do so.

      **IT IS SO ORDERED.**

DATED: May 6, 2011

                                              Jan M. Adler
                                              U.S. Magistrate Judge